IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

                Plaintiff,

  v.

ALANA ACKER, CCI HSU MANAGER JANE DOE,
DR. JOHN/JANE DOE, NURSE PRACTITIONER
JOHN/JANE DOE 1–2, NURSE JOHN/JANE DOE 1–2,

                Defendants.

OPINION and ORDER

25-cv-916-jdp

---

    Plaintiff Julian R. Blackshear alleges that, from June 2024 to August 2025, medical staff at Columbia Correctional Institution (CCI) denied him medical care for his chronic pain related to a traumatic brain injury. Dkt. 1. Blackshear was incarcerated at CCI when the complaint was filed electronically on November 6, 2025, though he was released on extended supervision five days later.

    Because Blackshear seeks leave to proceed without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Blackshear's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    Blackshear incurred four "strikes" under 28 U.S.C. § 1915(g) before bringing this lawsuit, and he doesn't allege that he's in imminent danger of serious physical injury. So I will deny Blackshear's motion for leave to proceed without prepaying the filing fee and dismiss the

case without prejudice. If Blackshear pays the full filing fee by the deadline provided in this order, I will reopen the case and screen the complaint.

BACKGROUND

While incarcerated, Blackshear previously brought four lawsuits that were dismissed for failure to state a claim for which the court could grant relief. *See Blackshear v. Picknell*, 25-cv-395-jdp, Dkt. 15; *Blackshear v. Stange*, 25-cv-394-jdp, Dkt. 20; *Blackshear v. John Doe*, 25-cv-392-jdp, Dkt. 20; *Blackshear v. Pinkiy*, 21-cv-1156 (E.D. Wis.), Dkt. 14 and Dkt. 17. The '1156 case in the Eastern District was dismissed on October 25, 2022. The '395 case was dismissed on September 18, 2025, and the '394 and '392 cases were dismissed on October 28, 2025. Blackshear's complaint, which is not signed under penalty of perjury, is dated October 24, 2025. Dkt. 1 at 5. The court's internal records, however, show that the complaint was filed electronically on November 6, 2025.

ANALYSIS

A prisoner is barred from bringing a civil action or appeal without prepaying the full filing fee if he has incurred three strikes under § 1915(g) prior to bringing the lawsuit. To avoid § 1915(g), the plaintiff must plausibly allege imminent, serious physical harm. *Sanders v. Melvin*, 873 F.3d 957, 960–61 (7th Cir. 2017). The plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Past dangers that a prisoner no longer faces when he files the complaint don't meet this requirement. *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

Blackshear alleges that defendants denied him medical care from June 2024 to August 2025. The alleged denial of medical care occurred in the past and does not meet the imminent danger exception. Blackshear has been released from prison, further showing that defendants' alleged actions aren't exposing him to imminent danger. Section 1915(g) applies.

I take Blackshear to allege that, on October 24, 2025, he submitted the complaint to CCI staff to be filed electronically, before he received his third "strike." *Cf.* Dkt. 1 at 5. Under the prison mailbox rule, a prisoner's "legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). But, as a general rule, a prisoner seeking to benefit from the prison mailbox rule bears the burden to show that it applies. *See Harris v. Schaller*, 830 F. App'x 787, 788 (7th Cir. 2020). When screening a complaint, a court must "draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

Blackshear hasn't plausibly alleged that he submitted the complaint to CCI staff for mailing on October 24, 2025. In the court's experience, Department of Corrections staff regularly collect mail deposited in prison mailboxes and promptly deliver the mail to the appropriate individual or department. It's implausible, then, that a complaint deposited on October 24, 2025, would take until November 6, 2025 (nearly two weeks) to reach its intended recipient. Also, the court's internal records show that Blackshear's complaint was electronically sent to the court on the day that it was received in the prison library, so it's implausible that CCI's librarian delayed the complaint's submission. Blackshear has not alleged any facts supporting the allegation that he deposited the complaint in CCI's mail system on October 24, 2025. The prison mailbox rule does not apply. Section 1915(g) applies to his complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Julian R. Blackshear's motion for leave to proceed without prepaying the filing fee, *see* Dkt. 2 and Dkt. 4, is DENIED.

2. Plaintiff's complaint, Dkt. 1, is DISMISSED without prejudice.

3. Plaintiff may have until January 12, 2026, to submit a check or money order payable to "Clerk, U.S. District Court" in the amount of $405 at the following address: Clerk of Court, U.S. District Court, Western District of Wisconsin, 120 North Henry Street, Room 320, Madison, Wisconsin 53703. If the court does not receive the full $405 filling fee by January 12, 2026, this dismissal will automatically converted to a dismissal with prejudice and judgment will be entered.

Entered December 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge